## BEEKMAN *vs.* PLATNER.

A complaint which alleges an indebtedness to the plaintiff, by the defendant, for services done and performed by the plaintiff as the attorney and solicitor of the defendant, and at his request, and for money paid and expended for him, at his request, previous to January, 1852, is sufficient, under the code, although the specific suit is not mentioned, and no time is specified.

Where an action is brought upon an open account, for work, labor and services, the plaintiff need not set forth in his complaint the items of the account; and the defendant cannot object that the complaint contains but one cause of action and therefore that only one item of service can be proved.

The testimony of an attorney at law, who has heard the services of a party, in trying causes in justices' courts as an attorney, and in drawing leases, &c. described by other witnesses, is admissible in respect to the value of such services.

APPEAL by the defendant from a judgment entered upon the report of a referee. The material facts are set forth in the opinion of the court.

*J. H. Ramsay*, for the plaintiff.

*D. C. Bates*, for the defendant.

*By the Court,* SHANKLAND, J. This is an appeal from a judgment rendered on the report of a referee, in favor of the plaintiff. The complaint is for services rendered for the defendant, as his attorney and counsel, in divers suits, and for other professional services, and at the request of the defendant. The answer denies the indebtedness, and sets up various defenses, amongst which the most material is an agreement between the parties, that the plaintiff was not to have any thing for his services if the defendant failed in the suits to which the agreement related, and such failure is alleged. The first point made by the defendant is, that the complaint does not contain a cause of action, and that this objection is not waived by the answer. (*Code,* § 148.)

I am of opinion this complaint is sufficient under the code, or any other system of pleading. It alleges an indebtedness, and also the facts out of which it arose, viz. for services for the de-

fendant, by the plaintiff done and bestowed, as the attorney and solicitor of the defendant, and at his request, and for money paid out and expended for the defendant at his request, previous to January, 1852. It is virtually saying, " You owe me five hundred dollars, for my work and labor as your attorney and on your retainer." That the specific suit is not fully set out, and that the date is omitted, is not material on this question. If the defendant desired a statement of the items of the account, he should have made the demand authorized by § 158; or if he deemed the complaint so indefinite or uncertain as not to disclose the cause of action, he should have applied to the court and obtained an order that it be made more definite and certain, under § 160. The error, or defect, if it exists, has not affected the substantial rights of the defendant, and therefore must be disregarded as enjoined by § 176. But the principle of the case of *Allen* v. *Patterson*, decided in the court of appeals, at December term, 1852, covers this case, and shows this complaint to be good on demurrer.

The second point made is, that the complaint contains but one cause of action, and therefore only one item of service could be proved. The answer is, that the cause of action is an open account, and § 158 of the code enacts that it shall not be necessary for a party to set forth in a pleading the items of an account therein alleged. The plaintiff's services, being matter of account, he could not split it up into different causes of action, but must sue for the whole in one action. (8 *Wend.* 492. 13 *Id.* 644. 15 *Id.* 557.) There is no error on this point.

The next error complained of is the reception of the bill of costs in the case of *Livingston* v. *Hutt*, which had been taxed, but without notice to the present defendant. The objection was on two grounds, 1st. That no foundation had been laid by the evidence to admit it; and 2d. That it was incompetent, under the complaint. The objection was overruled, and the defendant excepted. The first ground of objection was probably intended to cover the defect of proof, that the plaintiff had not proved that the defendant had retained the plaintiff to defend Hutt. It is true that proof was not then given, but it was supplied after-

wards. The order of proof was in the discretion of the referee in this respect. He was right in admitting all the evidence in respect to what services had been in fact rendered in that cause. The making out and taxing the bill of costs as against Hutt were parts of the services in the cause, and for which the plaintiff was entitled to recover, the same as if he had produced the appeal papers in evidence, or the subpœna for the witnesses. When given in evidence, it proved nothing as against the defendant, until he was connected with the transaction by proof of his retainer. Nor would the bill be any evidence then, against the defendant, except as proving the item of drawing and taxing the bill of costs in the cause, unless notice of taxation was served on the defendant in this action, who was, in reality, the plaintiff's client. The referee, by admitting the evidence, affirmed nothing as to its value as evidence; and as it was admissible for the purposes above stated, the objection was properly disregarded. The second ground of objection to its reception has no force, and has been already disposed of in what has been said in respect to the sufficiency of the complaint.

The next point made is that the testimony of Salsbury, an attorney at law, who had heard the plaintiff's services in trying causes in justices' courts, and in drawing leases, &c. described by other witnesses, was not admissible in respect to the value of such services. The witness swore that services in trying causes were worth five dollars a day, and for drawing ordinary contracts it was worth from fifty cents to a dollar, and that it was worth fifty cents to draw a power of attorney. I have no doubt this evidence was admissible. The common laborer proves the value of his services in this same manner, when he asks his witness how much his labor is worth per day, at such and such work, or how much is the making of a particular article worth. In most cases it is the only species of evidence obtainable, and is always received. The witness was a lawyer and acquainted with the value of such services, and in this respect held the character of an expert; or had that peculiar knowledge on the subject which other persons, not of the profession, did not possess.

The next supposed error consisted in striking out the confes-

sion of the plaintiff, sworn to by McCoy, on the plaintiff's cross-examination of that witness. The striking out that evidence was clearly erroneous, and would have been a good reason for granting a new trial, if the defendant had suffered any injury thereby; but the full price of the horse and keeping another horse was allowed to the defendant by the referee; so that notwithstanding that particular confession was stricken out, the referee sustained the claim on the other evidence. The $50 allowed by the referee for " cash paid, proved by McCoy," must necessarily mean for the horse, and keep of another horse, as McCoy proves no cash paid; nor does any other witness swear to that sum as being paid, and which is not credited by the referee.

The next error complained of is one of fact, in allowing the bills of costs in *Van Valkenburgh* v. *Platner*, and *Livingston* v. *Hutt*. An appeal on a question of fact can now be taken from a judgment entered on the report of a referee, and from a like judgment entered on the order of a judge, to the general term. (*Code*, §§ 268, 272, 348.) These sections enable us to review the question whether these bills were properly allowed to the plaintiff.

We have no doubt that it is competent for attorney and client to make such bargain, in relation to costs, as they see fit, and that it is binding upon them. In relation to the costs in *Van Valkenburgh* v. *Platner*, I discover very little, if any evidence, to sustain the alleged agreement. The defendant's witness, Geo. Smith, testifies that he is a lawyer, and aided Beekman to try the cause before the justice; that Platner was beaten, and the same night the witness, Platner and Beekman consulted together about the propriety of bringing an appeal, and the witness advised Platner that it was a horse suit, and he had better pay it up, and let it go. Beekman thought otherwise. Platner seemed to be waiting for his counsel to determine. Beekman said " It must be carried up, and I will carry it up upon my own responsibility; there was something said about the costs of it. Beekman was determined it should be carried up. I do not remember of Mr. Platner's saying that he would consent, or that it should be carried up, and it was not settled at that time that the

cause should go up." This evidence fails to support the alleged agreement, for two reasons. First, it does not appear whether Beekman meant to be understood, or was understood, to mean that he would carry up the cause on his own responsibility as to the costs, or on his own responsibility as a legal adviser. The two lawyers differed in their advice, and the plaintiff might only have meant to assume the responsibility of advising the appeal, although Smith advised the other way. The responsibility for costs, in case of defeat, was not mentioned. Beekman's language was, under the circumstances, at least ambiguous, and might mean one thing as well as the other; and the referee having given it a probable and reasonable construction, we ought not to interfere. Again; if Beekman had made a direct offer to assume responsibility for costs, yet as his offer was not accepted by the other party, no contract was made. The only other witness in support of the agreement, as to this bill of costs, was Wm. Van Valkenburgh, who says that after the appeal was made, "Beekman told me, in the absence of Platner, if he did beat me in the suit, he would not charge Platner any thing for *trying the cause.*" This evidence does not prove that Beekman had made any such contract with Platner. It is a mere declaration of a present intention, of not charging Platner for a part of his services, viz. *trying* the cause, in a certain event. This declaration of his intention was never communicated to Platner, nor acted upon by him, so far as appears in this case.

In relation to the costs in the Hutt cause, I am inclined to think the evidence of Hutt sufficient to sustain the alleged agreement. If he is to be believed, Beekman agreed to charge nothing if he did not succeed, and Platner agreed to have it appealed. It is true, Smith and Parmelee, who were present, do not recollect it; but the referee finds that Beekman told Platner he would do it for nothing if he did not succeed; and if the witness was worthy of belief, thus far, I see no reason to disbelieve the balance of his evidence, wherein he swears Platner agreed to let him carry it up.

We think the referee erred in allowing this bill of costs, amounting to $67,10. We therefore reverse the judgment and

order a new trial before another referee, to be appointed on motion for that purpose, with costs to abide the event; unless the plaintiff shall stipulate to deduct from said judgment the sum of $67,10, and interest since the judgment, and serve said stipulation in twenty days after notice of this decision; and in case he complies with this condition, then his judgment may stand for the balance, and no costs are allowed to either party on this appeal.

[OTSEGO GENERAL TERM, July 12, 1853. *Crippen, Shankland* and *Gray,* Justices.]