JOSEPH HOXIE, Respondent, *v.* DANIEL B. ALLEN, Appellant.

*Evidence—Expert—Opinion—Claim against the Government.*

In an action to recover for services rendered in procuring the adjustment of claims against the Government of the United States, it is competent to prove by a competent witness, what, in his opinion, the services rendered were worth.

This was an action to recover the value of the Plaintiff's services in procuring the release, at Washington, of the steamship S. S. Lewis, which had been condemned for a violation of the revenue laws.

The employment was not denied in the pleadings, nor the rendering of service. The question was upon the value, simply. The only question made in the Appellant's points is in relation to the evidence given by E. K. Collins.

Mr. Collins testified that he had been in Washington, with respect to getting through claims against the Government, in which he was interested; that he had had contracts with the Government, and had had claims against the Government for services rendered to the Government; that he had business at Washington with the Departments. He was then asked: "From that knowledge, and from the statement of Mr. Hoxie, as to his services, what do you think is the value of the services, as described?" To this question the counsel for the Defendant objected. After being informed of the value of the property restored, he gave an answer to the question.

The jury found for the Plaintiff. The judgment upon the verdict was affirmed at the General Term, and the Defendant now appeals to this Court.

*C. A. Rappalo* for the Appellant.

*J. H. Reynolds* for the Respondent.

HUNT, Ch.J.—The objection to the evidence of Collins seems to have been to its character, and not to his competency to give it. If the objection had been made at the trial, that he had not sufficient knowledge to speak upon the subject, it might have been obviated.

The competency of the evidence, in its nature, was a fair subject of general objection, and to that the objection must be deemed to have applied.

That this is a fair construction of the objection, is evident from the circumstance that the objection, and in the same form, was also made to the testimony of Mr. Briggs, whose capacity to speak upon the subject was quite apparent.

I think the judgment should be affirmed.

All concur, except CLERKE, J.

CLERKE, J. (dissenting.)—This action was brought to recover the value of services rendered to the Defendant by the Plaintiff, in presenting to the President of the United States an application for the remission of the forfeiture of the steamship S. S. Lewis, and for procuring the discontinuance of proceedings commenced, on behalf of the United States, for the forfeiture of the steamships Independence and Pacific. The sum claimed was $5000. The Defendant, in his answer, admitted the performance by the Plaintiff of the services, but alleged that the value of them did not exceed the sum of $500.

Upon the trial the Plaintiff called E. K. Collins. He testified that he had been, for many years, engaged in business in the city of New York, and had owned steamships; that he had been in Washington for the purpose of getting claims through for services which he had rendered to the General Government; that he had had contracts with the Government.

On this statement, the following question was put to him:

"From your knowledge of steamships, and of the trouble connected with the prosecution of claims at Washington, against the Government, and from Mr. Hoxie's statement of his services, as given here to-day, what do you think is the value of those services."

The counsel for the Defendant objected to this question. The Court overruled the objection, and the counsel excepted.

The only question, then, for us to consider is, whether this objection was well taken.

I am not aware that the old rule relating to the opinions of witnesses has been materially relaxed. The rule is confined, for the most part, to the opinions of men of science, art, or skill in some particular branch of business; as, for instance, those of medical men, ship-builders, underwriters, engineers, and artists. Such witnesses may be called to say what, in their opinion, would be the result of certain facts submitted to their consideration; but not to give an opinion on things with which a jury may be supposed to be equally well acquainted.

The Court must first ascertain whether the witness is an expert— whether he is skilled in the matter in relation to which his opinion is desired. The opinion of witnesses as to the value of services cannot be allowed, unless they are acquainted with the prices commonly paid for such services, or have had such services rendered to themselves. (Lamoure *v.* Caryl, 4 Den., 370.)

The opinion, indeed, of an attorney, as to the value of professional services rendered by another attorney, and which he has heard described by other witnesses, is admissible. In respect to the value of such services, a member of the profession may be regarded as an expert (Beekman *v.* Platner, 15 Barb. 550). But, the opinion of a witness who has had no special and continuous opportunities of estimating the value of services, cannot be reliable, and therefore should be inadmissible.

It did not appear, from the evidence of Collins, or any other witness, that he had ever performed services similar to those for which the Plaintiff demanded compensation, or that he had ever engaged others to perform such services, or that he had special knowledge of the subject, or experience in relation to it greater than the generality of people.

If the opinion of Collins is evidence on this subject, the opinion of any man casually in Court may be also received as evidence.

He had had contracts with the Government, and had been in

Washington for the purpose of getting claims through against the Government, but he had never spent any time there in getting contracts (fol. 55). He had never interceded with the Government, with the President, or any of the heads of Departments, to have forfeitures remitted, or proceedings to effect forfeitures discontinued.

No foundation was laid to warrant the admission of this testimony.

The judgment should be reversed, and a new trial ordered; costs to abide the event.

· Affirmed.

<div align="right">

JOEL TIFFANY,
State Reporter.