JACKSON *et al.*, executors, etc., v. NEW YORK CENTRAL RAILROAD COMPANY, appellant.

ʑ'I'&U 653
77 AD⁴300

*Corporations. Railroad companies — when directors entitled to compensation. Evidence of experts. Interest.*

A director of a railroad company is not entitled to compensation for his legitimate and ordinary duties as director, but is, for his personal services, beyond the ordinary range of his official duties upon an actual employment by the company.

Plaintiff's testator, while a director of a railroad company, acted as legal counsel in a certain action, to which the company was a party. *Held*, that the testator was entitled to compensation when so employed by the company, and that it was not indispensable that his employment should be by a formal resolution of the board of directors, but it might be inferred from the nature of the employment, the importance of the subject-matter, the partial payment of his claim, and other acts of the board recognizing an indebtedness.

Hypothetical questions, founded upon facts, assumed to have been established, were asked by plaintiff's counsel of lawyers to prove, by their opinion, the value of testator's services in the action. *Held*, that the allowance of such questions was not error.

Evidence of an experienced lawyer, and one well acquainted with testator, as to the considerations which gave value to the testator's services, *held* admissible.

Testator's claim for services was presented to the board of directors of the company, and by them referred to a committee. *Held*, that interest on the claim was allowable from that time, and this, notwithstanding no formal account of the debt was made out.

APPEAL from judgment in favor of plaintiff, rendered on report of referee.

Plaintiff's testator, the late Judge Alonzo C. Paige, while a

director of the New York Central Railroad Company, rendered services as attorney and counselor at law for the said company. After a failure to agree upon the amount of compensation this action was commenced. Upon the death of Judge Paige, Samuel W. Jackson and Edward W. Paige, executors, and Clara K. Paige, executrix, under his will, were substituted as plaintiffs and the action was continued in their names.

The only claim upon which this controversy arises is for services in the action of the people against the defendant to recover canal tolls. The referee allowed $8,500 for such services.

*M. Hale,* for appellant.

*R. W. Peckham,* for respondent.

BOARDMAN, J. Assuming that the evidence in this case was competent and properly admitted, this court cannot interfere with the referee's estimate of the value of the services rendered by plaintiff's testator. Indeed, upon such assumption there is no ground for saying the amount is excessive. The evidence of the witnesses for the defense is more intelligent, positive and certain than that derived from most of the plaintiff's witnesses. Still, if such evidence was all competent, it was for the referee to weigh it and adjust the amount according to his estimate of its value. He has done so, and has apparently sought and certainly obtained a golden mean equally distant from the views of the respective parties. Such conclusion from conflicting evidence, not unevenly balanced, is conclusive upon this court.

Directors of a railroad company are not entitled to receive compensation for their services while employed in their legitimate and ordinary duties as directors. It is, however, conceded by defendant's counsel, that a director may be entitled to compensation for his personal services beyond the range of his official duties upon an actual employment by the company. The authorities are quite clear upon that proposition. *Chandler* v. *Monmouth Bank,* 1 Green (N. J.) 255; *Hall* v. *Vt. & M. R. R. Co.,* 28 Vt. 401; *N. Y. & N. H. R. R. Co.* v. *Ketchum,* 27 Conn. 170.

In this case no doubt can exist that the professional services rendered were outside and in excess of the ordinary duties of a director; that such services were rendered with the knowledge and at the request of the defendant, as is evinced by the nature of the

employment, the importance of the subject-matter involved, the action of the board of directors in reference to this claim, the partial payment thereof by defendant alleged in the answer and admitted in the proofs, the qualified admissions of employment and retainer made upon the trial, and the several acts of the board in the nature of a recognition of an indebtedness for these services and ratification of the employment. These circumstances were sufficient to justify the referee in his conclusion, that Mr. Paige was employed by the defendant to render such services as a lawyer and not as a director. Abb. Dig. Corp., tit. Agents, §§ 5, 7, also Ratific., § 28; 286, § 89. It is not deemed indispensable that his employment should be by resolution of the board of directors, so long as the evidence is of such a nature as to justify the finding of the referee of an actual employment and services rendered under it. Abb. Dig. Corp. 3, §§ 7, 9; 5, §§ 21, 26, 27, 28; *Bank of Lyons* v. *Demmon,* Lalor's Sup. to Hill & Denio, 398, 405; *Fisher* v. *La Rue,* 15 Barb. 323.

Two hypothetical questions founded upon facts assumed to have been established by the evidence were asked by plaintiff's counsel of legal gentlemen to prove by their opinion the value of Mr. Paige's services in the action. It is claimed by the appellant the allowance of such questions was error. No authority is produced to sustain such claim. Against it is the case of *Filer* v. *N. Y. C. R. R. Co.,* 49 N. Y. 42, directly in point. In the examination of experts, facts are often and necessarily assumed. Indeed, in the majority of such cases, it must be so since the experts have no personal knowledge of the facts upon whose effects, power or influence they are called to give opinion. So long as the facts assumed may be fairly claimed to be within the evidence as produced, the question is not objectionable. *Beekman* v. *Platner,* 15 Barb. 550. The degree of knowledge of the facts possessed by the witness, or imputed to him by the question, is quite material in estimating the value of testimony. The more intimate his acquaintance with the facts upon which his opinion is founded, the more reliable is his estimate of such value. The more uncertain or imperfect his knowledge, the less value should be attached to his opinion. The referee must judge as to the correctness of the assumption of facts contained in the question and the reliability of an opinion founded thereon. The same considerations should control in the differences of value arising from local consideration of residence of the expert or character and standing at the bar. *Harland* v. *Lilienthal,* (Ct. of App.), 9 Alb. L.

J. 125. The value of professional services is made up of so many complex and collateral elements that absolute accuracy is unattainable. No error is apparent in allowing answers to be given to the questions objected to by the defendant.

The evidence of Judge Potter, as to the considerations which gave value to Mr. Paige's services, was clearly proper. It is in accordance with daily practice to ask a witness to describe the peculiarities, the excellencies or the defects of goods or property, as facts which enter into the estimate of value. There is no reason why the same process may not be adopted as to the nature and importance of services rendered, and the character and standing of the person rendering such services. *Harland* v. *Lilienthal, ante.*

Nor was any error committed in excluding the offer of the State to take a verdict of $100,000 in full for claims for back tolls. The offer was rejected. The propriety of such rejection was shown by the result. It was an offer of compromise, and, being rejected, no longer constituted a limit of liability. The litigation thenceforth proceeded as if no such proposition had been made. As well might the plaintiffs have offered to prove that fact and its judicious rejection upon their advice, with a view of enhancing the value of the services rendered. An inferior order of ability might have accepted it.

The claim for services appears to have been presented to the board of directors of defendant September 27, 1866, and by such board referred to a committee. The referee has found that the indebtedness of defendant to plaintiffs' testator existed upon the 1st of October, 1866, and thereupon allowed interest from that date upon the debt. In this conclusion he is sustained by the case of *Adams* v. *Fort Plain Bank*, 36 N. Y. 255, 262. The employment had then ended, and the debt was due. The claim for payment had been made to the company. *Mygatt* v. *Wilcox*, 45 id. 306, 310. It cannot now be objected that a formal account was not made out, since the defendant accepted the claim made as sufficient, and acted upon it. Though the amount of the claim was unliquidated, the rule should apply if there is an actual breach of contract to pay, and an actual indebtedness due. *Van Rensselaer* v. *Jewett*, 2 N. Y. 135, 140 ; *Graham* v. *Chrystal*, 2 Abb. Ct. of App. 263, 265.

No sufficient reason is apparent why the judgment should be disturbed, and it should therefore be affirmed, with costs.

*Judgment affirmed.*