# WEISSMAN *v.* RUSSELL.

PRACTICE—ASSIGNMENT OF ERRORS.—The supreme court will confine its examination to the assignment of errors in the notice of appeal, except in cases where the want of jurisdiction of the subject matter appears from the record, or the complaint fails to state a cause of action or suit.

IDEM—FINDING OF FACT AND LAW.—A finding of fact and conclusion of law therefrom are "separately stated," within the meaning of section 216 of the code, when the effect of each upon the final judgment is distinct and severable from that of the other.

IDEM.—Where the findings of the court below determine all material issues tendered by the new matter in the answer, it will be presumed on appeal that such issues were properly raised by a replication, although none appear in the transcript.

By the Court, WATSON, J.:

This action was brought to recover the amount alleged to be due and unpaid on a certain promissory note executed by appellant, in favor of respondent, a copy of which was set forth in the complaint. The note was negotiable, and by its terms due June 1, 1881. The appellant was entitled to three days of grace. The endorsement of the clerk of the

circuit court shows that the complaint was filed June 2, 1881. The answer denies, among other things, that the note was due when the action was commenced, and as a separate defense alleges facts showing a failure of consideration. The cause was tried by the court and judgment entered upon its findings for the respondents, and this appeal taken from this judgment.

The notice of appeal contains many assignments of error, but the grounds upon which they rest may, for the sake of brevity and convenience, be summarized as follows: 1. The findings of fact and conclusions of law are not separately stated. 2. The court did not determine, as a matter of law, that the complaint was insufficient for not alleging that the note sued on was due; also that the note was not due; also that appellant was entitled to judgment on his answer, no replication having been filed. 3. The construction given by the court of the agreement between the parties concerning the consideration of the note sued on, was erroneous. 4. The written decision of the court below was not entered in the journal.

Several other propositions were discussed at the hearing, but as they are not within any of the assignments of error in the notice of appeal and do not fall within either of the two recognized exceptions to the general rule of practice in this court, which precludes us from inquiring into any alleged errors not so assigned, we cannot consider them. The two exceptions are, want of jurisdiction over the subject matter, and no cause of action stated. (Sec. 534, Code; *McKay* v. *Freeman*, 6 Or., 453; *State* v. *McKinnon*, 8 Or., 492.) The first objection cannot be sustained in view of the findings in this case. The conclusions of law, although immediately following the findings of fact from which they are deduced respectively, and not under a separ-

ate head, are not blended with them so as to produce any uncertainty or confusion as to the distinct and separate effect and operation of either, and are, we conceive, separately stated, within the meaning and spirit of section 216 of the code.

There is no difficulty in perceiving what the facts found were, or the conclusions of law which the court below drew from such facts, and the distinct effect of each in producing the judgment appealed from. And in our judgment this is all that the statute requires. The complaint alleging that the note sued on was wholly unpaid, and that the amount thereof with interest at the stipulated rate was due and owing from defendant to plaintiff on account thereof, and the answer denying such allegations, we are at a loss to understand how the court below could have determined as matters of law, as claimed by appellant under his second assignment of error, that the complaint was insufficient for want of such allegations, or that the note was not due in fact. The allegations were clearly sufficient and the issue raised by the denial in the answer was one of fact. (*Allen* v. *Patterson*, 3 Seld., 479; *Beekman* v. *Platner*, 15 Barb., 550; *Kettletas* v. *Myers*, 19 N. Y., 231; *Davenay* v. *Eggenhoff*, 43 Cal., 395.)

In regard to the averments in the answer, entitling the appellant to judgment in the absence of a replication, it is only necessary to remark that the findings of the court, which do not appear to have been impeached or questioned in the court below, on this account fully determine all material issues tendered by such averments, showing conclusively that such issues were tried there, and justifying the presumption that they were properly raised by a replication. (Bliss on Code Pl., sec. 442; *McAlister* v. *Howell*, 42 Ind., 15; *Henslee* v. *Cannefax*, 49 Mo., 295.)

The third objection to the construction of the written agreement between the parties fails for the reason that we are unable to discover any such construction in the record. The fourth and last objection, that the written decision of the court below on the trial, was not entered in its journal, fails for the same reason, and it is unnecessary to determine the effect it might have if made to appear properly upon the record. We find no error, and affirm the judgment.

Judgment affirmed.