MARTIN REED, RESPONDENT, v. THE ROME, WATER-
TOWN AND OGDENSBURG RAILROAD COMPANY,
APPELLANT.

*Action against a common carrier for an injury to a trotting mare — the opinions
of witnesses as to her value before and after the injury, are admissible—also to prove
her speed, and her value if she possessed the speed proved.*

Upon the trial of this action, brought against the defendant, a common car-
rier, to recover damages for an injury to a trotting mare, which occurred
while it was being transported by the defendant from Rome to Mansville,
the plaintiff was permitted, against the objection and exception of the defend-
ant, to prove, by the opinion of witnesses, the value of the mare, both before
and after the injury, and, also, to prove her speed, and her value assuming that
she possessed the speed proved.
*Held,* that the evidence was admissible.

APPEAL from a judgment entered in Jefferson county, and from
an order denying a motion for a new trial, made upon the minutes
of the justice before whom the action was tried.

The judgment was entered on the verdict of a jury, and was
for $2,347.54 damages and costs.

*Edmund B. Winn* for the appellant.

*W. F. Porter,* for the respondent.

MARTIN, J.:

This action was for an injury to a trotting mare owned by the
plaintiff. The defendant was a common carrier, and the injury
occurred while it was transporting the mare from Rome to Mans-
ville. The evidence was clearly sufficient to justify a recovery by
the plaintiff. (*Clarke* v. *R. & S. R. R. Co.,* 14 N. Y., 570;
*Merritt* v. *Earle,* 29 id., 115; *Mynard* v. *S. B. & N. Y. R. R. Co.,*
71 id., 180.) On the trial the plaintiff was permitted to prove by
the opinion of witnesses the value of the mare both before and after
her injury. The court also permitted him to prove her speed, and
her value assuming that she possessed the speed proved. To the
admissions of this evidence the defendant excepted. The case of
*Miller* v. *Smith* (112 Mass., 470), was very similar to the case at
bar, and it was there held that such evidence was admissible. (See

also *Clark* v. *Baird*, 9 N. Y., 183; *Joy* v. *Hopkins*, 5 Den., 84; *Jackson* v. *N. Y. C. R. R. Co.*, 2 Thomp. & Cook, 653; S. C., 58 N. Y., 623; *Whiton* v. *Snyder*, 88 id., 300, 308.) We think the authorities cited fully justify the rulings of the learned trial judge, and that the defendant's exceptions were not well taken.

The judgment and order should be affirmed, with costs.

HARDIN, P. J., and FOLLETT, J., concurred.

Judgment and order affirmed with costs.