## RAILWAY COMPANY V. BRUCE.

Decided October 31, 1891.

1. *Opinion evidence—Railway freight charges.*

   The opinion of a witness upon the reasonableness of railway freight charges is inadmissible where he is not shown to have had any special knowledge or skill in their adjustment.

2. *Carrier—Reasonableness of rates.*

   Unjust and unreasonable charges, as well as undue and unjust discriminations, by carriers are prohibited by the act of March 24, 1887; while a carrier may classify freights and fix rates, it cannot, by an arbitrary classification, justify an unjust or unreasonable charge.

3. *Carrier—Duty to unload car.*

   Where a consignee binds himself by agreement, express or implied, to unload freight at the place of consignment, such agreement excuses the carrier from the duty of unloading imposed by the statute.

4. *Penalty—When recoverable.*

   Since the act of March 24, 1887, prescribes a penalty for violation of either of several of its provisions, a right to recover the penalty is shown by proof that any one of such provisions has been violated, as by a failure to unload freight.

5. *Evidence—Unreasonable charge.*

   In an action against a carrier to recover a penalty for an unreasonable charge of 8 cents per 100 pounds for carrying brick between certain points, the jury may consider the fact that the charge for carrying stone between the same points is 4½ cents per 100 pounds.

6. *Attorney's fee.*

   The court properly assessed an attorney's fee against defendant. *Dow v. Beidelman*, 49 Ark., 455, followed.

APPEAL from *Faulkner* Circuit Court.

JOSEPH W. MARTIN, Judge.

G. W. Bruce brought suit against the Little Rock and Fort Smith Railway Company, alleging that it charged him for transporting one car-load of brick from Morrilton to Conway, stations on its road, the sum of $28, which was unreasonable and unjust, charging 8 cents per 100 pounds, while the schedule of freight rates allowed but 4½ cents per 100 pounds to be charged for rough stone per car load, rough stone being in the same class of freight as common

S C—5

brick, under the classification made by said railroad in its schedule ; that the overcharge upon said freight was $17.20 ; that, on April 28, 1888, plaintiff filed his claim with the agent of defendant, being a written statement of the facts of the overcharge, and demanded reparation, and that over fifteen days had elapsed after receipt of said notice without defendant settling said overcharge.

A second cause of action stated was that, on arrival of the car at Conway, the defendant neglected and refused to unload the brick, as was its duty to do, but required plaintiff to unload the same ; that, on April 28th, due and proper notice of said violation of duty was served upon the agent at Conway and a demand for reparation made, and that defendant, for over fifteen days after the receipt of such notice, neglected and refused to correct the same.

The prayer of the complaint was for damages to the extent of $200, penalty for overcharge in the transportation of the brick and for refusing to unload the cars at Conway, and a reasonable attorney's fee, with costs.

The answer denied (1), that defendant made any undue or unjust discrimination towards plaintiff in its charges, or that it charged plaintiff a greater rate than its schedule of charges allowed; and (2), that it agreed or undertook to load and unload the freight, but alleged that the brick, by contract with the shipper, were to be loaded and unloaded by him.

The evidence showed that defendant charged for transporting the car-load of brick from Morrilton to Conway, a distance of twenty miles, at the rate of 8 cents per 100 pounds, amounting to $28, while the charge for carrying stone the same distance was 4½ cents per 100 pounds. In answer to the question, whether he thought the charge for transportation of the car-load in question was just and reasonable, A. P. Robinson, a witness for plaintiff, testified: " I would put stone and brick in the same classification, and think it is not worth any more for hauling one than the other. I think $28 per car-load for brick is unreasonable and unjust,

on the haul from Morrilton to Conway. I think it would be unreasonable by half. I think half that amount would be a good round price, and would pay well for transporting it." On cross-examination witness said he had not been in the railroad business since he was chief engineer of the Little Rock and Fort Smith Railway Company, and had not made any rates since then. He did not know the cost of running defendant's road, nor did he know whether the receipts of the same paid an unreasonable profit on the money invested or not. He had never shipped any stone or brick over defendant's road, and based his ideas on freight rates and charges paid on roads in Boston and elsewhere.

Benton Turner, a witness for plaintiff, a stone and brick-mason, stated that he unloaded a car-load of brick for plaintiff at Conway, on December 27, 1887. It costs about $1 per 1000 to load brick, and about $5 per car-load to load stone. Witness thought it was worth as much to haul stone as brick, and he thought the $28 per car-load for brick from Morrilton to Conway was unreasonable and unjust, and it ought to be just one-half. On cross-examination, witness said he based his idea of defendant's charges on his general knowledge of such matters. He had never been connected with a railroad; had never made rates; knew nothing about defendant's earning's or profits, nor whether its present rate of charges makes an unreasonable and unjust profit after paying the expenses of managing and operating its railroad.

Defendant introduced evidence to explain the difference in the tariff rates on stone and brick, by showing that stone was less liable to be broken, and that the company wished to enable stone quarriers along its line to compete with other quarriers in the State. There was testimony that the charges were reasonable, and that plaintiff had assumed to load and unload the car.

The defendant asked the court to give the following instructions:

1. If you find from the evidence that the defendant charged the plaintiff no greater rate of freight per hundred

pounds than it did other shippers under like circumstances, and that the rate charged is the same as that fixed by defendant in its printed schedule of rates in force at that time, you are instructed that the plaintiff cannot recover in this action, and your verdict will be for the defendant.

(The court refused to give this instruction, but added to it the words: "*provided the same is not unjust and unreasonable*," and gave the same as modified. To this defendant objected, and saved its exceptions.)

3. You are instructed that tne defendant has a right to make a difference in charge for transporting freight by the car-load lot and in smaller shipments than car-load lots; but that the rates for either kind of shipment must be open to all alike. If, therefore, you find from the evidence that the plaintiff was charged no greater rate than any other shipper on a similar shipment of brick, the defendant is not liable, and your verdict will be for the defendant.

(The court reiused to give this instruction, but added to it the following words: "*provided said rate is reasonable and just*," and thus modified gave the same over defendant's objections.)

5. You are instructed that, because the defendant embraced brick and stone in the same classification of freight, and gave a less rate on stone by the car-load lot than on brick, the charging of 8 cents per hundred pounds on brick when the rate on stone was $4\frac{1}{2}$ cents, would not of itself constitute a violation of the law for which the plaintiff could recover.

(The court refused to give instruction No. 5, as asked, but added to it the following: "*These are circumstances to be considered in connection with all the other facts in the case*," and gave the same over defendant's objections.)

The following instructions asked by defendant were refused and exceptions saved:

2. You are instructed that the defendant has a right to classify all freight passing over its road, and to charge lawful rates as fixed by its tariff sheet or schedule of charges

for transporting it ; and if you find from the evidence that the defendant charged the plaintiff no greater rate than allowed by its tariff sheet for the transportation of brick by car-load lots, your verdict will be for the defendant.

4. If the defendant gives a reduced rate to all shippers alike on car-load lots, in consideration that the freight is shipped in car-load lots, and also that the shipper load and unload said freight, you are instructed that the plaintiff cannot recover anything, because of the defendant's failure to load and unload the same.

7. Before you can find for the plaintiff, because the charge was unreasonable or unjust, you must find that the charge was so greatly in excess of reason as to be exorbitant, and this must be established by competent witnesses, who are in a position to know, and who have had sufficient experience in such matters to base a fair estimate as to what will be fair compensation at the time and under the circumstances, and the burden of proof is upon the plaintiff to establish that the rate charged is unjust and unreasonable.

8. You are instructed that before the plaintiff can recover any penalty in this action, it must appear from the evidence that the defendant has violated all the provisions of the act for which the penalty is given; and a violation of one only of the provisions, as for a failure to unload the freight, will not render the defendant liable.

Verdict was rendered for plaintiff for $50, whereupon, in addition to the damages, the court assessed against defendant a judgment of $25 for attorney's fees.

*Dodge & Johnson* for appellant.

1. The verdict is not supported by the evidence.

2. Section 9, act March 27, 1887, was not violated. The testimony of Robinson was incompetent. 134 U. S., 418. Turner's evidence was not only incompetent but irrelevant. Neither of them were experts, nor knew anything about rates and classifications.

3. Section 7 was in no manner violated.

*W. S. McCain* for appellee.

·The classification of brick should not be higher than stone, as a mere proposition of law, and the difference in classification is unreasonable.   1 Int. Com. Repts, 465 ; 2 *id.*, 1 ; Harper, Int. Com. Law, 74.   If it is a question of fact, the testimony offered was competent.   A witness may always express his opinion as to prices and values.   49 Ark., 391. To do this he need not be an expert.

2.   In the absence of an agreement the carrier must load and unload.   Acts 1887, sec. 7.   The reasonableness of charges is a question of fact.   134 U. S., 418.

**1. Opinion evidence as to freight charges.**   HEMINGWAY, J.   While it is sometimes true that a witness may give in evidence his opinion as an expert, it is also true that such opinion is admissible because of the special knowledge or skill of the witness, and that it will be restricted to the particular matters to which such special knowledge and skill relate.   When expert evidence is admissible, it is for the trial court to say whether a witness offered is qualified to testify as such, and all reasonable presumptions will be indulged to sustain its decision.   But where a witness is permitted to state his opinion, with nothing tending to show that he is competent, the action cannot be sustained.   Rogers, Expert Ev., sec. 22.

We cannot say that, upon the trial of Robinson's competency as an expert, the court erred in admitting his opinion. But there was absolutely nothing tending to show special knowledge or skill in Benton Turner, and his opinion was inadmissible.   He testified that he thought it was worth as much to haul stone on a railroad as brick, and that defendant's charge for the former service was unreasonable.   His opinion related to the very matter to be decided, and may have influenced the jury in its verdict ; and yet there is nothing in the record to show that he had any more knowledge or skill in the matter of adjusting freight rates than any one of the jury or any other citizen of the county.   Without such qualification, his opinion should not be permitted to

influence a finding, and should have been rejected as evi-
dence.   Lawson, Expert Evidence, pp. 203 and 497.   It is
insisted that his opinion was admissible because it related
to the value of services.   The premise does not justify
the conclusion.   The value of services may generally be
proved by opinion evidence, but not by the opinion of
anybody who may be offered.   Only such witnesses as
have special knowledge as to the particular matter of value
can give an opinion in reference to it, for no other can state
an opinion entitled to any weight.   So a farmer may state
his opinion as to the value of farming lands, but not of min-
ing lands; and a lawyer may state his opinion as to the
value of legal services, but not of medical services.

The act of March 24, 1887, prohibits carriers from making
unjust or undue discrimination in charges for freight, as well
as from making unjust or unreasonable charges therefor.   The
first, third and fifth instructions, as asked by the defendant,
ignored the latter feature of the act, and, as modified and
given by the court, were as favorable as defendant could ask.
The second instruction asked by the defendant implied
that if the carrier classified its freight, fixed rates and pub-
lished a schedule thereof, there could be no violation of the
law growing out of a charge in accordance with the pub-
lished schedule.   It ignored the wrong of an unjust or un-
reasonable charge, and assumed that the carrier satisfied the
demands of the law by observing the classification and rates
of a published schedule, though the former were arbitrary
and the latter unjust and unreasonable.  Such is not the law.
The carrier may classify freights and fix rates, but it cannot
by an arbitrary classification justify an unjust or unreasona-
ble charge.

*2.  Carrier's charges.*

If the consignee voluntarily binds himself by an agree-
ment, express or implied, to unload freight at the place of
consignment, such agreement excuses the carrier from the
duty to unload, prescribed by the seventh section of the act
of 1887, page 116.   The fourth instruction asked by the

*3.  Duty of carrier to unload car.*

defendant was not an accurate statement of the law, and should be recast to conform to the principle above stated.

**4. When penalty recoverable.** The eighth instruction asked by the defendant was properly refused. The act provides a penalty for the violation of either of several of its provision ; and a right to the penalty is shown by proof that anyone of said provisions has been violated.

**5. Evidence as to unreasonable charge.** The fifth instruction asked by the defendant was properly refused in the form presented ; as modified and given by the court, it was as favorable to the defendant as it could ask. That the defendant's rate was 8 cents per hundred pounds on brick while it was but $4\frac{1}{2}$ cents on stone, was a circumstance which the jury was at liberty to consider in determining whether the rate on brick was unjust or unreasonable. What weight should be given to that circumstance was for the jury to say, in the light of all the evidence in the cause, and the court was not authorized to say that it was sufficient on the one side or insufficient on the other. If the carrier placed stone in a special class and fixed for it a special rate, for reasons deemed sufficient by it, it cannot be said as a matter of law that this was an unjust or unreasonable discrimination against the plaintiff and other shippers of brick. What considerations may properly enter into the determination of the justness and reasonableness of a rate, we shall not attempt to define or outline. The circumstance relied upon is one, and the competency of others may be determined as cases arise that present them. See A. & E. Enc. of Law, article, " Freight," vol. 8, p. 900.

**6. Attorney's fee.** The court properly assessed an attorney's fee against the defendant. *Dow* v. *Beidelman,* 49 Ark., 455.

The other matters adverted to in the argument may be tested by the principles herein announced without more explicit decision upon each. The error in admitting the evidence of Turner is sufficient to require that the judgment be reversed, and it is so ordered.