THE PRUDENTIAL INSURANCE COMPANY OF AMERICA *v.* CROLEY.

4-5723 135 S. W. 2d 322

Opinion delivered January 8, 1940.

*Ralph W. Hyatt* and *Rose, Loughborough, Dobyns & House,* for appellant.

*Martin, Wootton & Martin,* for appellee.

McHANEY, J. Appellee is the named beneficiary in a policy of life insurance issued by appellant on the life of Sanford Croley in the principal sum of $1,000. Said

policy contained a provision for double indemnity in event of the death of the insured by accidental means, as defined therein. On October 11, 1937, the insured was injured as the result of an automobile accident near Deming, New Mexico, on a cold rainy day, and was taken to a hospital in Deming, about an hour after the accident, after being exposed to the inclement weather. He died with lobar pneumonia eight days later on October 19, 1937. Proof of death was made and appellant paid the principal sum of $1,000, but refused to pay under the double indemnity clause, and this suit followed to collect the additional sum of $1,000, with interest, penalty, and attorneys' fees.

Appellant defended on the ground that the death of the insured did not result, directly or indirectly, through bodily injury, nor was it effected solely through external, violent and accidental means. It relied on the provisions of the double indemnity clause that such benefits shall not be payable if death results, directly or indirectly, from bodily or mental infirmity or disease in any form, and asserted that the insured, in violation of instructions, shortly after entering the hospital, exposed himself to the elements a second time, and, as a result, contracted pneumonia from which he died. Trial before the court, sitting as a jury, resulted in a judgment for appellee, hence this appeal.

The policy contains this clause:

"Accidental death benefit shall be payable upon receipt of due proof that the death of the insured occurred . . . as a result, directly and independently of all other causes, of bodily injuries, effected solely through external, violent and accidental means, of which . . . there is a visible contusion or wound on the exterior of the body. Provided, however, that no accidental benefit shall be payable if the death of the insured resulted . . . directly or indirectly from bodily or mental infirmity or disease in any form."

For a reversal of the judgment against it appellant insists that the insured did not die of bodily injuries. It concedes that there were bodily injuries and a visible

contusion on the exterior of the body, but it is insisted that such injuries had nothing to do with the death of the insured. This argument is based on the testimony of Dr. Colvard who treated insured in the hospital in Deming. His testimony is summarized in a letter to T. H. Malone, manager of the Adjustment Bureau, El Paso, Texas, which was introduced by agreement and treated as his deposition, and is as follows:

"GEO. T. COLVARD, M. D.

"118 East Spruce Street

"Deming, N. M.

"10-28-37.

"Mr. T. H. Malone, Manager,

"Adjustment Bureau,

"El Paso, Texas.

"Dear Sir:

"In reply to your request for report on the accident and death of Mr. Sanford Croley, who was injured October 11, 1937, and who died on October 19, 1937, will give you the following:

"Injuries:

"1. Contused right upper chest with no fracture of ribs which was verified by X-ray. Subcutaneous hemorrhage under area of contusion.

"2. Lobar pneumonia, acute developing Wednesday, October 13, 1937, which was evident by Thursday, October 14, 1937.

"3. Exposure which included getting wet on the day of the injury had some bearing on the later development of the pneumonia.

"4. A pre-existing asthmatic bronchitis also had some influence in the incidence of the pneumonia and also its prognosis.

"5. Had Mr. Croley followed instructions and remained in bed on Tuesday instead of getting dressed and coming out of the hospital into the rain walking to town I feel that he would have had much better chance handling the pneumonia should it have developed otherwise.

"This is so far as I can make out the true statement of facts in the case and am forwarding a copy of this report to Mr. Smith as well as a copy of the letter which I am writing him regarding the case.

"I believe that you both will feel that this be the proper course to follow.

"(Signed) George T. Colvard, M. D."

Dr. Colvard testified by deposition in addition to the foregoing letter, and the substance of all his testimony is that the insured received a visible injury in an automobile accident which he regarded as sufficiently serious to justify an X-ray examination which disclosed no broken bones; that this injury together with his exposure at the time of the accident had some bearing on the later development of pneumonia; and that if he had not exposed himself again on Tuesday, the day after the injury, "I feel that he would have had much better chance handling the pneumonia, should it have developed otherwise."

We think this testimony sufficient to justify the jury or the court sitting as a jury in drawing the conclusion that the cause of death was the injury received in the automobile accident and the resulting exposure which was necessarily incident to the accidental injury. But for the accident, there would have been no injury, and no exposure and the injury and consequent exposure "had some bearing on the later development of the pneumonia," according to Dr. Colvard, and this was sufficient to justify the jury in finding that the injury and exposure caused the pneumonia from which he died. The doctor does not say the second exposure caused the pneumonia, but only that he felt the insured would have had a better chance to get well had the pneumonia developed otherwise. As we view the doctor's statement, the only speculation or conjecture was as to the probable effect of the second exposure.

What we have said disposes, in effect, of appellant's contention that the accident was not the proximate cause of death. In this connection both parties cite *Fidelity & Casualty Co.* v. *Meyer,* 106 Ark. 91, 152 S. W. 995,

44 L. R. A., N. S., 493, where it was held, to quote the first syllabus: "When an accident insurance policy limits liability to 'bodily injuries sustained through accidental means resulting directly, independently and exclusively of all other causes of death,' and it appears that death resulted from an aggravation of a latent disease to which the deceased was subject, an instruction is correct to the effect that the defendant insurance company is liable, under the contract if death resulted when it did on account of the aggravation of the disease from the accidental injury, even though death from the disease might have resulted at a later period, regardless of the injury."

In that case the late Chief Justice McCulloch quoted from *Freeman* v. *Mercantile Accident Association,* 156 Mass. 351, 30 N. E. 1013, 17 L. R. A. 753, as follows: "The law will not go further back in the line of causation than to find the active, efficient, procuring cause of which the event under consideration is a natural and probable consequence, in view of the existing circumstances and conditions. The law does not consider the cause or causes beyond seeking the aforesaid predominant cause, which, following it no farther than these consequences that might have been anticipated as not unlikely to result from it, had produced the effect. An injury which might naturally produce death in a person of a certain temperament or state of health is the cause of his death, if he dies by reason of it, even if he would not have died if his temperament or previous health had been different."

Here, as we have said, the evidence is sufficient to justify the jury or the court, sitting as such, in finding that the active, efficient or procuring cause of death, which means proximate cause, was the automobile accident in which he suffered both injury and exposure.

We cannot agree with appellant on the other two propositions argued, that is that the judgment is based on speculation and conjecture, and that the insured suffered with bronchitis which co-operated with the exposure in causing pneumonia to develop, which under the terms of the policy defeats the claim for double indem-

nity. As to the latter proposition, the evidence that assured's bronchitis had anything to do with his development of pneumonia was speculative or conjectural and not conclusive so as to require the jury or the court to so find. If the accidental injury and resulting exposure were the proximate cause of death, as we have already held, then the fact that insured had chronic bronchitis which made insured more susceptible to pneumonia would not relieve appellant of liability. *Fidelity & Casualty Co.* v. *Meyer, supra; Pacific Mut. Life Ins. Co.* v. *Smith,* 166 Ark. 403, 266 S. W. 279; *Pacific Mut. Life Ins. Co.* v. *McCombs,* 188 Ark. 52, 64 S. W. 2d 333.

Affirmed.