HARDIN *v.* PENNINGTON

5-3810                    403 S. W. 2d 71

Opinion delivered May 30, 1966

*Cockrill, Laser, McGehee & Sharp,* for appellant.

No brief filed for Appellee.

HUGH M. BLAND, Justice. This is an appeal from an order of the trial court granting a new trial. The case was an action for personal injuries brought by appellee against appellant and resulted in a verdict for appellant. Appellee, in due time, filed her motion for a new trial. On June 22, 1965 the motion for a new trial came on for hearing and after argument of counsel, the court granted the motion. Hence, this appeal.

Ark. Stat. Ann. § 27-1901 (Repl. 1962) states as the first ground for granting a new trial:

"Irregularity in the proceedings of the court, jury or prevailing party, or any order of court or abuse of discretion, by which the party was prevented from having a fair trial."

In *Texas & Pacific Ry Co.* v. *Stephens*, 192 Ark. 115, 90 S. W. 2d 978, at page 120, this court said:

"This matter of approving or rejecting a verdict of the jury by the trial court is one that must appeal to judicial discretion. Discretion, of course, is opposed to arbitrary action, and is not controlled or interfered with by this court upon appeal.

Ordinarily, this power of the court to review or consider judgments rendered by juries is called into action by a motion for new trial. The court, however, may in the exercise of discretion, act upon a verdict at any time during the session of the court at which it was rendered."

In 66 C.J.S., New Trial, § 115, p. 328, it is said:

"With respect to a civil action tried before it, a court of general jurisdiction has inherent power, in the absence of statute to order a new trial on its own motion, even though an application therefor on other grounds has been made by a party and is pending. Thus the inherent power to set aside a verdict or judgment and grant a new trial rests in a

trial court or a trial judge, to be exercised in the interests of justice,''.

In *Parmentier* v. *Ransom,* 169 P. 2d 883 (Ore. 1946) it was held:

"In the furtherance of justice the trial court is given a wide latitude in granting new trial on its own motion to correct errors of law, even when no exception has been taken upon the trial."

In *Anderson* v. *State,* 43 P. 2d 474, (Okla. 1935) the Oklahoma Supreme Court held:

"In granting new trial on own volition, judge does not usurp province of jury where verdict discloses that jury misunderstood plain instructions of court."

The trial judge, in granting a new trial, explained in detail that he had refused to give the appellee's requested Instruction No. 5 and he did not think that the giving of any other instruction properly presented the issues. It is sufficient to say that the court in its sound discretion exercised its inherent power to grant a new trial; and that it is not shown that he acted arbitrarily in this case.

Affirmed.

HARRIS, C. J., dissents.

AMSLER, J., concurs.

CARLETON HARRIS, Chief Justice, dissenting. I do not agree that the trial court was justified in setting aside the judgment. The majority opinion does not set out any of the facts, and it is accordingly necessary that I do so in order to explain my dissent. The case was an action for personal injuries, brought by Mrs. Irene Pennington, who was riding as a passenger in an auto-

mobile, driven by Mrs. Sarah Elizabeth Hughes. The Hughes automobile had a collision with another car driven by Renella Hardin, appellant herein. Mrs. Pennington brought suit against Mrs. Hardin, alleging that her injuries resulted from the negligence of appellant. Mrs. Hardin denied negligence, and alleged that the collision was caused by the negligence of Mrs. Hughes. On trial, the jury returned a verdict for appellant.

Subsequently, on motion of Mrs. Pennington, the court set aside this jury verdict, and granted a new trial. This was done because the court felt that it had made a mistake in not giving to the jury plaintiff's requested instruction No. 5. The majority have not set out this instruction, but it reads as follows:

"Negligence in order to be actionable, that is sufficient to establish liability, must have been a proximate cause of the injury before the plaintiff can recover. Proximate cause is a cause which, in its natural and continued sequence, unbroken by an efficient intervening cause, produces an event, and without which the damage, if any, would not have occurred. In order to warrant a finding that negligence is a proximate cause of any injury, or damage, it must appear from the evidence that the injury, or damage, was a natural and probable consequence of the negligence, and ought to have been forseen by a person of ordinary prudence in the light of attending circumstances, as likely to occur. The particular injury, or damage, need not have been foreseeable, but it is necessary that some injury, or damage, should be reasonably expected. There may be more than one proximate cause to any injury, or damage."

The court was concerned because it had given instruction No. 10, which, it felt, might have left the impression with the jury that there could be only one proximate cause of an accident. The instruction is as follows:

"The proximate cause of the accident or resulting damages, as that term is used by the court, means that

cause which, in the natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred. It is the efficient cause, the one that necessarily sets in operation the factors that produce the injury, and which in the exercise of due care ought to have been forseen in the light of attending circumstances.''

This instruction, to me, only defines ''proximate cause,'' and I cannot possibly see how the jury could have been confused, or misled, since the court had just given instruction No. 9, which reads as follows:

''You are instructed if you find from a preponderance of the evidence in this case that the plaintiff suffered injuries and damages which were caused by joint and concurrent negligence of the defendant and the operator of plaintiff's automobile, then you are instructed that it would be your duty to return a verdict for the plaintiff.''

This instruction clearly told the jury that Mrs. Pennington could recover against Mrs. Hardin (if negligent), even though Mrs. Hughes (the driver of the automobile occupied by Mrs. Pennington) was also negligent.

I do not think the failure to give plaintiff's requested instruction No. 5 justified the court in setting aside the jury verdict.

I would reverse the court's order which set aside the jury verdict.[1]

---

[1]Defendant (appellant) made no objection to plaintiff's instruction No. 5 at the time it was offered.