CYPRESS FARMS, INC., Appellant,

v.

EMPLOYER'S LIFE INSURANCE COMPANY OF AMERICA, Appellee.

No. 72-1667.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1973.

Decided May 17, 1973.

Rehearing Denied June 11, 1973.

Jimason J. Daggett, Marianna, Ark., for appellant.

Jeff Davis, Jr., Little Rock, Ark., for appellee.

Before LAY and STEPHENSON, Circuit Judges, and TALBOT SMITH, District Judge.*

STEPHENSON, Circuit Judge.

Plaintiff-appellant Cypress Farms, Inc., an Arkansas corporation, instituted this action as beneficiary of a $100,000 accident insurance policy on the life of decedent, Glenn U. Miller, against defendant-appellee, Employer's Life Insurance Company of America, a Delaware Corporation. From judgment entered upon an adverse jury verdict, Cy-

* Eastern District of Michigan, sitting by designation.

press Farms appeals. Two issues are now before us:

I. Whether the jury was properly instructed as to applicable Arkansas law, and

II. Whether the trial court erred by allowing opinion testimony of an expert witness in connection with the location of decedent's house shoes found upon the floor below decedent's feet.

By the terms of the policy, Employer's Life would pay the principal sum of $100,000.00 to the beneficiary if the death of the insured were to result directly and independently of all other causes from accidental bodily injuries. Suicide was expressly excluded by the policy's terms. We note parenthetically that the parties have stipulated that the policy was in full force and effect at the time of decedent's death.

On February 7, 1972, decedent was found dead in his garaged automobile, his body stretched across the full length of the back seat. The record discloses that decedent had been gashed above his right eye with such force as to penetrate to his skull. This is visually evident from photographs taken of decedent's body when it was discovered. (Exhibits A through J, and T). An autopsy was subsequently performed showing that the cause of death was carbon monoxide poisoning.

Cypress Farms based its case upon the theory that decedent was injured and was overcome by carbon monoxide in an attempt to seek help. Employer's Life contends that decedent committed suicide.

Our examination of the record before us discloses no prejudicial error. We therefore affirm the judgment of the trial court.

## I.

Cypress Farms argues that the trial court's instructions, particularly #'s 3

and 9, did not sufficiently emphasize the strong presumption against suicide as recognized by Arkansas law. Cypress Farms' tendered instructions, #'s 1 and 2, as relevant read as follows:

"If you find that the evidence is conflicting, and if it is nearly evenly balanced, and if there be a doubt in your mind as to whether the death was caused by suicide or accident, the law presumes that Glenn U. Miller's death was an accident."

and,

"Where the death is unexplained by the evidence, or where evidence tending to prove self destruction is contradicted, or impeached, or some other evidence adduced is consistent with a reasonable theory that the death was not intentionally caused, the presumption against suicide prevails."

The trial court's instructions #'s 3 and 9 as relevant state:

Instruction # 3.

\* \* \* \* \* \*

"If, upon any issue in the case, the evidence appears to be *equally balanced,* or if you cannot say upon which side it weighs heavier, you must resolve that question *against the party who has the burden of proving it.*" (emphasis supplied)

and,

Instruction # 9.

*"There is a presumption against suicide,* or death by any other unlawful act, and this presumption arises even where it is shown by proof that death was self-inflicted—*the death is presumed to have been accidental until the contrary is made to appear.* This rule is founded upon the natural human instinct or inclination of self-preservation, which renders self-destruction an improbability with a rational being." (emphasis supplied) [1]

We are convinced that the trial court correctly and accurately instructed the jury as to the law of the case. *See,*

---

1. Additionally in instruction #7 "\* \* \* the burden of proving suicide is upon the defendant of establishing this fact by a preponderance of the evidence;" in #8

"\* \* \* the insurance company is required to prove by a preponderance of the evidence that [decedent] had the intention to and did kill himself."

Security Life & Trust Co. v. First National Bank, 249 Ark. 1155, 460 S.W.2d 94, 95, 98 (1970). This Circuit has long recognized that under Arkansas law, the burden of establishing the defense of suicide is upon the insurer. Aetna Life Ins. Co. v. Newbern, 127 F.2d 171, 173 (8th Cir. 1942) and the jury was so instructed. Taken as a whole,[2] the trial court's instructions make it abundantly clear that the onus was upon Employer's Life to prove that the decedent's death was the result of suicide, Aetna Life Ins. Co., *supra* at 173; Riverside Insurance Company of America v. McGlothin, 231 Ark. 764, 332 S.W.2d 486, 488 (1960); Lynch v. Travelers Indemnity Company, 452 F.2d 1065, 1068 (8th Cir. 1972); Eagle Star Insurance Co. v. Deal, 337 F. Supp. 1264, 1277 (W.D.Ark.1972), and that a strong presumption exists in favor of accident and against suicide. Metropolitan Life Ins. Co. v. Graves, 201 Ark. 189, 143 S.W.2d 1102 (1940); *accord,* Security Life & Trust Co. v. First Nat. Bank, 249 Ark. 1155, 460 S.W.2d 94 (1970); Provident Life & Accident Ins. Co. v. Butler, 206 Ark. 229, 174 S.W.2d 559 (1943).

## II.

During the trial, Employer's Life called Dr. W. Peyton Kolb, a practicing psychiatrist, to testify as an expert witness. Cypress Farms contends that the trial court erred when it allowed Dr. Kolb to testify that in his opinion decedent deliberately removed his shoes prior to his death. Dr. Kolb's statement was based upon the photograph, marked Exhibit B, which showed decedent lying down in the back seat of his car with his feet extending out of an open rear door and his bedroom slippers lying immediately upon the ground below.

During Dr. Kolb's direct examination, counsel twice objected to Dr. Kolb's remarks relative to decedent's house shoes. The record discloses that Employer's Life abandoned their reference to "house shoes" after Cypress Farms' initial objection, and that Dr. Kolb's second reference thereto was wholly unsolicited. The trial court, in turn, chose not to rule upon the objection before it in order to determine by Dr. Kolb's subsequent explanation whether his statement had been rendered in accordance with his testimony as an expert witness on the subject matter. Dr. Kolb explained that according to his theory, although he could only "speculate," a person who was "falling or trying . . . to lie down, because he felt bad, would not take time to take off his shoes." No further objection was made. During cross-examination, however, Dr. Kolb indicated that the house shoes could have easily fallen off decedent's feet. Counsel for Cypress Farms, responding to this comment, stated that he would "submit that to the jury and just let them look at the shoes."

█ Although we do not address ourselves to the propriety of Dr. Kolb's opinion, we are convinced that no prejudicial damage has occurred, particularly since no further objection was made following Dr. Kolb's explanation, *see,* Fed.R.Civ.P. 46,[3] and by reason of Cypress Farms' cross-examination of this expert. *See,* B. Jones, The Law of Evidence § 14:30 at 667 (6th ed. 1972). *Cf.,* Twin City Plaza Inc. v. Central Surety Insurance Corporation, 409 F.2d 1195, 1203 (8th Cir. 1969); *accord,* Moran v. Ford Motor Company, 476 F.2d 289 at 291 (8th Cir. 1973).

We note finally that Cypress Farms did not request that the testimony be stricken from the record, nor did they

2. Bennett v. First National Bank of Humboldt, Iowa, 443 F.2d 518, 521 (CA8 1971).

3. *See,* Colonial Refrigerated Transportation, Inc. v. Mitchell, 403 F.2d 541, 552 (5th Cir. 1968) where the court · noted

"The purpose [of Rule 46] is to inform the trial judge of possible errors so that he may have an opportunity to reconsider his ruling and make any changes deemed advisable." *Accord,* Chicago, Rock Island and Pacific Railroad Co. v. Speth, 404 F. 2d 291, 294 (8th Cir. 1968).

ask for the jury to be instructed to disregard what they now claim to be reversible error.[4]

For the reasons hereinbefore stated, we affirm the decision of the trial court.

4. A standard instruction with respect to the weight to be given expert testimony being a matter for the jury was given without objection.