Dr. Robert Harrison BAXTER and Sarah Virginia Baxter, Appellants,

v.

BROWNING ARMS COMPANY and Fabrique Nationale, Appellees.

No. 82–2018.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1984.

Decided July 11, 1984.

William C. McArthur, Gregory E. Bryant, Little Rock, Ark., for appellants.

Winslow Drummond, The McMath Law Firm, William H. Sutton, Friday, Eldredge & Clark, Alston Jennings, Jr., Wright, Lindsey & Jennings, Little Rock, Ark., for appellees.

Before BRIGHT and McMILLIAN, Circuit Judges, and LIMBAUGH,* District Judge.

BRIGHT, Circuit Judge.

Dr. Robert H. Baxter and his wife brought this action for damages against defendants, alleging that a Browning 12-gauge automatic shotgun manufactured and designed by defendants discharged when the safety was on, causing Dr. Baxter severe and permanent injuries. The jury entered a verdict for defendants, and the district court denied Baxter's posttrial motions for a judgment n.o.v. or a new trial. Baxter appeals, raising claims that the district court erred in its evidentiary rulings, instructions, and refusal to replace a juror with an alternate during the trial. Our review of the record indicates that the cause has been fairly tried without prejudicial error. We affirm.

I. *Background.*

Baxter's injuries occurred while he was on a hunting trip in Montana. According to Baxter, he was apart from his hunting party when, while attempting to stand up, he lost his balance and tried to steady himself with the shotgun. The butt of the shotgun struck the ground or a fallen log and discharged, wounding his right thigh and right-hand thumb.

At trial, defendants denied that they were strictly liable or negligent, and asserted that Baxter's wounds had been self-inflicted. According to defendants, the evidence indicates that Baxter's wounds were self-inflicted because his description of the accident is implausible; immediately after the incident he had stated that he "shot" himself; it was unusual for someone to bring a shotgun to shoot birds while on a big game hunt in Montana; and, as evidence of motive, he carried large amounts of disability insurance for accidental injuries.

II. *Discussion.*

██ Baxter contends that the district court erred in permitting defendants to assert and introduce certain evidence showing that his wounds were self-inflicted. Specifically, he argues that the court erred in refusing to conduct a preliminary hearing on the matter and in admitting evidence of his disability insurance policies. We reject this contention. The direct and circumstantial evidence that Baxter's wounds were self-inflicted was sufficient for the jury to consider the issue. Although de-

* The Honorable STEPHEN N. LIMBAUGH, United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

fendants introduced weak circumstantial evidence to show that Baxter's wounds were self-inflicted, we cannot say that the evidence was entirely speculative, and the issue was for the jury.[1] Moreover, although evidence of Baxter's disability insurance policies is inadmissible under the "collateral source rule" for purposes of showing mitigation or reduction of damages, it was admissible for purposes of showing Baxter's motive for wounding himself. *See Amos v. Stroud*, 252 Ark. 1100, 482 S.W.2d 592, 596 (1972). Thus, we conclude that the district court did not err in refusing to grant the preliminary hearing and in admitting the challenged evidence.

■ Baxter next challenges some of the court's jury instructions. The court instructed the jury that "until you are satisfied that intentional self-infliction of the injury is more probable than accident, you may not find the injury to have been intentionally self-inflicted." Baxter contends that this instruction was inadequate, and that the district court committed prejudicial error in failing to instruct the jury that injuries are presumed not to be intentionally self-inflicted. We disagree. Under Arkansas law, the law applicable in this diversity case, the court is limited to explaining presumptions and inferences to the jury in terms of burdens of proof and the evidence necessary to discharge those burdens. *See Thiel v. Dove*, 229 Ark. 601, 317 S.W.2d 121, 124 (1958). We note that an exception to this general rule permits courts to instruct the jury as to the presumption against suicide, *see Security Life and Trust Co. v. First National Bank*, 249 Ark. 572, 460 S.W.2d 94, 96–97 (1970), but Baxter cites no Arkansas cases that extend the exception to a presumption against self-inflicted injuries. By instructing the jury as it did, the district court interpreted Arkansas law as not permitting an evidentiary presumption against self-inflicted injuries. We defer to the district courts inter-

pretations of state law, and appellant cites no authority that the district court's instructions did not accord with Arkansas law. Thus, we conclude that the district court did not err in failing to instruct the jury specifically as to a presumption against self-inflicted injuries. We have also examined Baxter's challenges to several other jury instructions, and similarly conclude that they do not constitute reversible error.

Finally, Baxter contends that the district court committed prejudicial error in refusing to strike for cause a juror who may have known Baxter. Such determinations are left to the sound discretion of the trial judge, and the record does not demonstrate that the district court abused its discretion in this case.

### III. *Conclusion.*

We have considered all of Baxter's allegations of error and conclude that the judgment should be affirmed.

---

1. Under the evidence, the jury may have held for defendants because the wounds were self-inflicted, but also may have dismissed the action on the grounds that Baxter did not prove his strict liability or negligence claims or that on the negligence claim Baxter's negligence in the accident exceeded that of defendants.