# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2193

_____

David J. Wood, Trustee of the          *
Richard T. Smith Family Trust #2,      *
                                       *
          Appellant,                   *
                                       *   Appeal from the United States
    v.                                 *   District Court for the
                                       *   Eastern District of Arkansas.
Valley Forge Life Insurance            *
Company,                               *
                                       *
          Appellee.                    *

_____

Submitted: November 15, 2006
Filed:   February 27, 2007

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Valley Forge Life Insurance Company appeals the entry of partial summary against it and the entry of judgment against it for accidental death benefits under an insurance policy. We affirm.

## I.

David Wood sued Valley Forge for benefits under the accidental death benefits rider of a life insurance policy taken out by M. David Howell and Richard T. Smith on Mr. Howell's life. Mr. Smith was the original beneficiary of the policy, and he

later assigned the policy to the Richard T. Smith Family Trust. Mr. Wood is the trust's trustee.

Mr. Howell was found dead after a drug and alcohol overdose in a Los Angeles hotel room. Two years after Mr. Howell died, Mr. Wood submitted a claim for accidental death benefits. Valley Forge denied coverage on the ground that Mr. Howell's death was a suicide and a rider explicitly excluded suicide from coverage. Alternatively, Valley Forge maintained that coverage was precluded by the exclusion for deaths "caused or contributed to by sickness and disease" because Mr. Howell's drug and alcohol addictions and depression contributed to the overdose.

Mr. Wood filed suit. Valley Forge raised the affirmative defense that the life insurance policy never went into effect because of alleged misrepresentations in the application, thus barring the claim, and it filed a counterclaim seeking to rescind the original policy. The district court[1] granted Mr. Wood's motion for partial summary judgment against both this defense and the related rescission claim. The court also granted partial summary judgment to Mr. Wood on Valley Forge's defense that Mr. Howell's death was caused or contributed to by sickness and disease and therefore excluded from accidental death coverage.

After the case was transferred to a different district judge,[2] a jury trial was held on the sole issue of whether Mr. Howell's death was a suicide or an accident. The district court admitted Mr. Howell's death certificate and his autopsy report into evidence, but granted Mr. Wood's motion to redact from both documents the coroner's conclusion that Mr. Howell's death was a suicide. The court's jury instructions placed

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

[2]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

the burden of proof on Valley Forge to show that Mr. Howell had committed suicide; directed the jury to find against Valley Forge if it had a "fair question" as to Mr. Howell's cause of death; and required Valley Forge to prove that Mr. Howell intended to take his life "then and there." The jury determined that the death was accidental, and the district court entered judgment in Mr. Wood's favor.

Valley Forge appeals the pre-trial orders granting partial summary judgment to Mr. Wood. In addition, Valley Forge appeals the judgment entered in favor of Mr. Wood following the jury verdict; the insurer contends that the district court erred at trial by redacting the coroner's conclusion of suicide from the death certificate and the autopsy report and by improperly instructing the jury.

## II.

We review *de novo* the district court's grant of partial summary judgment against Valley Forge. *Wal-Mart Stores, Inc. v. RLI Ins. Co.*, 292 F.3d 583, 586 (8th Cir. 2002). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment in its favor as a matter of law. Fed. R. Civ. P. 56(c).

## A.

We consider first Valley Forge's argument that the policy was void *ab initio* because Mr. Howell and Mr. Smith failed to comply with a condition precedent. The district court ruled against Valley Forge on this claim, relying, in part, on the so-called incontestability clause in the policy. That clause, which was required by a state statute in effect at the time that the policy was issued, *see* Ark. Stat. § 23-81-105 (1998), precluded Valley Forge from contesting the policy after it had been "in force during the Insured's lifetime for 2 years from the Policy Date." Here the policy date was more than two years before Mr. Howell's death and four years before Mr. Wood's claim for benefits. Valley Forge argues, however, that the policy was never "in force,"

-3-

as required by the incontestability clause, because the failure of a condition precedent prevented the formation of a contract.

The application form states that the "insurance will not take effect until the policy is delivered while ... conditions remain as described in this application." Relying on this language, Valley Forge maintains that the policy never "took effect" because when it was delivered certain "conditions," *i.e.*, Mr. Howell's income and net worth, were not as stated in the application. But we question the applicability of this provision to the case before us: We believe that by stating that the policy would not be effective unless conditions "remain[ed]" as described, the provision addresses situations where circumstances change after an application is completed but before delivery of the policy, not situations involving misrepresentations in the application itself. Valley Forge, however, did not rely on a change. Instead it alleged in its counterclaim that a "condition precedent" had not been satisfied because Mr. Howell's statements regarding his income and net worth were "false when made and when the policy was issued."

We note, moreover, that Valley Forge's contention that the contract was void *ab initio* might be more persuasive if language to the contrary did not appear on the very page of the application that included the alleged misrepresentations. At the bottom of the financial questionnaire setting out figures for Mr. Howell's income and net worth, and immediately above Mr. Howell's signature, the form recites that "any material misstatement in this declaration, or elsewhere in this application, will render the policy, if issued, *voidable*" (emphasis added). Based on the plain language of this document, Valley Forge's claim that the policy was void *ab initio* must fail. And even assuming that an ambiguity was created by a conflict between the statement in the questionnaire and the provision upon which Valley Forge relies, our conclusion would be the same because an ambiguity is construed against the insurer, *see Phelps v. U.S. Life Credit Life Ins. Co.*, 336 Ark. 257, 261-62, 984 S.W.2d 425, 428 (1999).

As we have said, the policy was voidable, not void *ab initio*. It was therefore "in effect" for more than two years before Mr. Howell died, and thus the incontestability clause barred Valley Forge's later rescission claim. *See Life & Cas. Ins. Co. of Tenn. v. Smith*, 245 Ark. 934, 938, 436 S.W.2d 97, 99 (1969). We therefore agree with the district court that the life insurance policy was valid as a matter of law.

## B.

We turn now to Valley Forge's assertion that the district court erred in granting partial summary judgment to Mr. Wood on the question of whether the policy exclusion for death "caused by or contributed to by sickness or disease" applied. Valley Forge maintains that a jury should have determined whether Mr. Howell's drug dependence and depression were diseases that caused or contributed to his death. The district court disagreed, concluding that the exclusion is limited to proximate causes of death and that as a matter of law drug dependence and depression "were only remote indirect causes rather than proximate causes of Mr. Howell's death."

Because the Arkansas Supreme Court has not addressed the specific issue in this case, our task is "to predict how the Arkansas Supreme Court would resolve the issue if confronted with it." *See Jackson v. Anchor Packing Co.*, 994 F.2d 1295, 1301 (8th Cir. 1993). We conclude that the Arkansas Supreme Court would require proximate cause to trigger the exclusion, and thus we affirm the order of the district court.

In two cases of relevance, the Arkansas Supreme Court decided that where an accident aggravates a preexisting disease, the insurer is not relieved of liability on an accidental death policy. *See Life & Casualty Ins. Co. of Tenn. v. Jones*, 230 Ark. 979, 985-86, 328 S.W.2d 118, 121-22 (1959); *Prudential Ins. Co. of Am. v. Croley*, 199 Ark. 630, 632-35, 135 S.W.2d 322, 324 (1940). In *Jones*, the insured had a heart condition that contributed to his death from a heart attack after someone struck him

with a bottle. The Arkansas Supreme Court considered his death to be accidental within the meaning of the policy. *Jones*, 230 Ark. at 983-87, 328 S.W.2d at 120-22. And in *Croley*, 199 Ark. at 632-35, 135 S.W.2d at 324, the court held that the evidence supported a finding that the proximate cause of death was the decedent's injury and exposure to inclement weather as a result of an automobile accident which, according to expert testimony, caused him to contract the pneumonia from which he died; the decedent's preexisting bronchitis which made him more susceptible to pneumonia did not affect the insurer's liability. In both cases, the Arkansas Supreme Court concluded that the only causes relevant to determining whether the beneficiary was entitled to accidental death coverage were the proximate causes, which in *Jones* and *Croley* were the accident and the resulting injuries.

We recognize that since Mr. Howell did not die from aggravation of a preexisting disease, *Jones* and *Croley* are not directly on point. Valley Forge's argument here is that Mr. Howell's disease caused the overdose, not that the overdose aggravated his preexisting alcoholism, drug addiction, and depression. But *Jones* and *Croley* stand for the general proposition that in cases like the present one, a court should not go further back up the line of causation than what is generally called a proximate cause. Applying that principle here, as we believe the Arkansas Supreme Court would do, we conclude that Mr. Howell's drug addiction and depression are too remote to be a proximate cause of Mr. Howell's death, and those conditions thus cannot support the exclusion that Valley Forge argues for here.

### III.

Valley Forge also appeals the district court's decision to redact the coroner's conclusion that Mr. Howell's death was a suicide from the death certificate and the autopsy report before admitting them into evidence. We hold that the district court erred in redacting the evidence, but we nevertheless affirm the judgment because we conclude that the error was harmless.

The district court's rationale for redacting the coroner's conclusion is unclear from the record. Because it is also unclear whether the district court applied Arkansas or federal law and the parties dispute which law to apply, we emphasize that the Federal Rules of Evidence govern the admissibility of evidence in this diversity case. *See Sosna v. Binnington*, 321 F.3d 742, 744-45 (8th Cir. 2003). The death certificate and autopsy report were both admissible into evidence without redactions as business records under Federal Rule of Evidence 803(6). *See Sosna*, 321 F.3d at 747.

Although Federal Rule of Evidence 403(b) allows the district court to exclude otherwise admissible evidence that is more unfairly prejudicial than probative, that rule does not justify exclusion here. The coroner's conclusion was certainly probative as to the cause of Mr. Howell's death, and the only "prejudice" to Mr. Wood of admitting the evidence is that it helps Valley Forge's case. We can discern no inherent unfairness in this evidence. Furthermore, under Federal Rule of Evidence 704(a), evidence such as the coroner's opinion cannot be objectionable on the ground that "it embraces an ultimate issue to be decided by the trier of fact." We thus conclude that the district court erred in excluding the evidence.

Nevertheless, when we consider the record as a whole, we are satisfied that the error was harmless. We affirm the district court's judgment because we have a "reasonable assurance that the jury would have reached the same conclusion had the evidence been admitted." *Adams v. Fuqua Indus. Inc.*, 820 F.2d 271, 273 (8th Cir. 1987). There was significant testimony from Valley Forge's expert that Mr. Howell's death was a suicide. The expert testified at length as to the basis for his opinion, including Mr. Howell's background and his substance abuse and depression. The district court also admitted the records of the Betty Ford Center, where Mr. Howell had been treated just before his death. These records showed that Mr. Howell had contemplated suicide and had told Center personnel of his plans to kill himself. Although we recognize that the coroner's conclusion would have provided additional support for Valley Forge's contention that Mr. Howell committed suicide, we cannot

conclude that its exclusion had an appreciable effect on the jury's verdict. Given this, we conclude that the exclusion was harmless.

## IV.

The remaining issues in the case involve contested jury instructions. In reviewing challenges to jury instructions, we ask "whether the instructions, taken as a whole and viewed in light of the evidence and applicable law, fairly and adequately submitted the issues in the case to the jury." *Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc.*, 254 F.3d 706, 711 (8th Cir. 2001). We will not reverse based on instructional error unless the error affected a party's "substantial rights." *Id.*

## A.

Valley Forge asserts that the jury instructions improperly placed the burden on it to prove suicide, thus relieving Mr. Wood of his burden to prove accidental death. In ruling on Valley Forge's motion for a new trial, the district court concluded that since the only possible causes of Mr. Howell's death were suicide or accident, it would have been "confusing, unnecessary, and indeed, prejudicial to instruct the jury on Plaintiff's burden to prove accidental death."

We believe that the district court fairly presented the issue to the jury. Arkansas law is clear that the insurer bears the burden of proving suicide, *Cypress Farms, Inc. v. Employers Life Ins. Co. of Am.*, 479 F.2d 124, 126 (8th Cir. 1973), and a "plaintiff is not required to prove that the death of the insured did not result from suicide." *Aetna Life Ins. Co. v. Newbern*, 127 F.2d 171, 173 (8th Cir. 1942). We also agree with the district court that if the death was not a suicide, it was accidental. Mr. Wood was thus entitled to prevail unless Valley Forge proved that Mr. Howell's death was a suicide.

B.

Valley Forge also maintains that the trial court misstated what Valley Forge was required to prove to prevail on its argument that the death was a suicide. The relevant instruction stated that if "there is a fair question" as to whether the death was due to an accident or to suicide, the jury should find that it was due to an accident. The court further instructed the jury that a "fair question is an honest question, one that is based on the evidence or lack of evidence." The instruction was taken almost verbatim from O'Malley, Grenig, & Lee, 3 *Federal Jury Practice and Instructions* § 126.71 (5th ed. 2000). The district court denied Valley Forge's motion for a new trial based on this instruction, concluding that the instruction correctly stated what Valley Forge had to prove. We agree.

The instruction incorporates the presumption against suicide that exists under Arkansas law. "[P]roof of death of an insured from injuries received by him raises a presumption of accidental death . . . and this presumption will continue until overcome by affirmative proof to the contrary." *Metropolitan Cas. Ins. Co. v. Chambers*, 136 Ark. 84, 93, 206 S.W. 64, 67 (1918).

The court's instruction also properly stated the combined effect of the "strong" presumption against suicide, *see Security Life & Trust Co. v. First Nat'l Bank in Little Rock*, 249 Ark. 572, 577, 460 S.W.2d 94, 96 (1970), and Valley Forge's burden of proving suicide by a preponderance of the evidence. The Arkansas Supreme Court has held that the presumption against suicide carries independent evidentiary weight. *See Union Cent. Life Ins. Co. v. Sims*, 208 Ark. 1069, 1074, 189 S.W.2d 193, 195 (1945). Contrary to Valley Forge's assertions, it would thus not have been enough for the district court to provide a general preponderance of the evidence instruction placing the burden of proof on the insurer (*i.e.*, an instruction that the plaintiff should prevail if the evidence is in equipoise) because the presumption itself counts as evidence against a finding of suicide. *See Security Life*, 249 Ark. at 578-79, 460 S.W.2d at 97. The presumption is of sufficient weight to require the jury to find

that the death was an accident where under the evidence there is a fair question as to the manner of death, that is where the evidence is "nearly evenly balanced." *Metropolitan Life Ins. Co. v. Graves*, 201 Ark. 189, 197, 143 S.W.2d 1102, 1106 (1940).

## C.

The court's jury instructions required Valley Forge to prove that "when [Mr. Howell] consumed the drugs and alcohol he did so with the intent then and there to take his life." Valley Forge maintains that the phrase "then and there" improperly imposed a temporal element not found in the law and prejudiced its case. The district court held that the "then and there" language was not prejudicial because it added nothing to what Valley Forge was required to prove. We agree.

The challenged instruction fairly described what the jury had to find to conclude that Mr. Howell committed suicide. For Valley Forge to prove suicide, it needed to prove that Mr. Howell intended to commit suicide at the time of the overdose, that is "then and there." It would not have been sufficient for Valley Forge to prove that Mr. Howell had a general desire to kill himself that was not fully formed or on which he did not intend to act when he overdosed

## V.

For the reasons stated, we affirm the judgment of the district court.

_____

-10-