# United States Court of Appeals
### For the Eighth Circuit
_____

No. 19-2642
_____

Joseph Hirchak; Cindy Hirchak

*Plaintiffs - Appellants*

v.

W.W. Grainger, Inc., doing business as Grainger, doing business as Dayton;
Dayton Electric

*Defendants - Appellees*

McMaster-Carr

*Defendant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines
_____

Submitted: September 22, 2020
Filed: November 17, 2020
_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.
_____

GRUENDER, Circuit Judge.

Joseph and Cindy Hirchak brought claims of negligence and failure to warn
against W.W. Grainger, Inc. ("Grainger"), a distributor of industrial equipment, and

its subsidiary, Dayton Electric Manufacturing Co. ("Dayton") (collectively, "Defendants"). After ruling a report authored by the Hirchaks' expert inadmissible, the district court[1] granted summary judgment in favor of Defendants. We affirm.

**I.**

On October 20, 2015, a web sling (the "subject sling") at the plant of Joseph Hirchak's employer, Weiler, Inc. ("Weiler"), broke, dropping its load of steel tubing onto Joseph Hirchak and injuring him. The Hirchaks, citizens of Iowa, brought product liability and breach of warranty claims against Grainger in Iowa state court, alleging that Grainger supplied the subject sling to Weiler. Grainger, which is incorporated and has its principal place of business in Illinois, removed the case to federal court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332(a). The Hirchaks' amended complaint added Dayton, which also is incorporated and has its principal place of business in Illinois, as a defendant. Later, the Hirchaks narrowed their claims against Defendants to negligence and failure to warn.

During the time period relevant here, Grainger distributed a web-sling model that it identified under stock-keeping unit 2MJT4. Grainger's 2MJT4 slings were manufactured by Juli Sling Co., Ltd. ("Juli") and distributed by Grainger under the Dayton brand. Because any other web-sling models that Juli manufactures are not at issue here, we refer to slings of the same model as Grainger's 2MJT4 slings as "Juli slings." We refer to Juli slings that Grainger distributed as "Grainger-distributed Juli slings."

To prove that Defendants supplied the subject sling, the Hirchaks submitted an expert report that concluded that the subject sling was a Grainger-distributed Juli sling. The Hirchaks' expert based this opinion on similarities that he identified

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

between the subject sling and two known Grainger-distributed Juli slings, one purchased new and the other furnished by Weiler.

To prove that they did not supply the subject sling, Defendants submitted an affidavit from Grainger's director of supplier management, who averred that all Juli slings distributed by Grainger shipped from Juli with sewn-in capacity and warning tags that the subject sling lacked. Grainger's director of supplier management also stated that although Weiler had a customer account with Grainger, Grainger's sales records listed no sales of slings to Weiler. In addition, although Weiler's purchase records listed numerous purchases of slings from other suppliers, they listed no purchases of slings from Grainger. Defendants also disputed the significance of the similarities that the Hirchaks' expert identified between the subject sling and the two known Grainger-distributed Juli slings, arguing that "virtually all [slings] that are marketed in the United States" share many of these similarities.

No Weiler employee was identified who could testify as to how the subject sling came into Weiler's possession. Nor does the record indicate how the known Grainger-distributed Juli sling that Weiler furnished to the Hirchaks' expert came into Weiler's possession.

The district court granted summary judgment in favor of Defendants. First, the district court held that the Hirchaks' expert's report was inadmissible because his opinion that the subject sling was a Grainger-distributed Juli sling was based on insufficient facts. The district court reasoned that the Hirchaks' expert's analysis provided a factual basis for, at most, the premise that the subject sling was a Juli sling. It does not follow, the district court pointed out, that the subject sling was a Grainger-distributed Juli sling; the subject sling could well have been a Juli sling distributed by one of Grainger's competitors. Second, the district court held that, without their expert's report, the Hirchaks had failed to present sufficient evidence that Defendants supplied the subject sling to Weiler in order to resist summary judgment.

The Hirchaks appeal, raising the sole argument that summary judgment was inappropriate because the district court abused its discretion in excluding their expert's opinion that the subject sling was a Grainger-distributed Juli sling.

## II.

"We review [a] district court's grant of summary judgment de novo." *Hickerson v. Pride Mobility Prods. Corp.*, 470 F.3d 1252, 1256 (8th Cir. 2006). "We review for abuse of discretion [a] district court's ruling regarding the admissibility of expert testimony." *Id.*

"[T]he Federal Rules of Evidence govern the admissibility of evidence in [a] diversity case." *Wood v. Valley Forge Life Ins.*, 478 F.3d 941, 945 (8th Cir. 2007). Under Federal Rule of Evidence 702, testimony in the form of an expert opinion must be "based on sufficient facts" and "help the trier of fact" by applying the expert's "specialized knowledge" and "reliable principles and methods." Among the factors that determine whether an expert opinion satisfies these requirements is its "ability to rule out other possibilities." *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 693 (8th Cir. 2001). An expert opinion "should not be excluded [simply] because" the expert "failed to rule out *every* possible alternative." *Id.* But an expert opinion must account for "obvious" alternatives. *Id.* (citing *Claar v. Burlington N. R.R.*, 29 F.3d 499, [502-]03 (9th Cir. 1994)); *see also Packgen v. Berry Plastics Corp.*, 847 F.3d 80, 87 (1st Cir. 2017) ("An expert should adequately account for obvious alternative explanations." (internal quotation marks and alterations omitted)). Otherwise, the expert either failed to base his opinion "on sufficient facts" or, if sufficient facts were present, failed to "help the trier of fact" by explaining how application of his "specialized knowledge" and "reliable principles and methods" to the facts supports his opinion over the obvious alternatives. *See* Fed. R. Evid. 702.

Here, the Hirchaks' expert failed to account for the possibility that the subject sling was distributed by another distributor of Juli slings. This is an obvious alternative to his opinion that the subject sling was a Grainger-distributed Juli sling.

- 4 -

As the district court pointed out, the Hirchaks' expert made no effort to rule out this alternative. Nor could he, as the results of his analysis at best tended to show only that the subject sling was a Juli sling. His opinion that the subject sling was a Grainger-distributed Juli sling was therefore based on insufficient facts, and the district court did not abuse its discretion in excluding it. *See McAndrew v. Garlock Equip. Co.*, 537 F. Supp. 2d 731, 735 (M.D. Pa. 2008) (holding an expert product-identification opinion "not based upon sufficient facts" because, by comparing the defective product only to the defendant's products, the expert failed to account for the possibility that the defendant's competitors' products had similar characteristics).

The Hirchaks present two arguments that their expert's opinion was based on sufficient facts. First, the Hirchaks emphasize the factual support for the premise that the subject sling was a Juli sling. The Hirchaks claim that this premise is supported by the similarities that their expert's "Fourier Transform Infrared Spectroscopy," "chemical," and "microscopic" analysis revealed between the subject sling and the two known Grainger-distributed Juli slings.

Although Defendants contest the significance of these similarities, characterizing "virtually all" of them as "common to four-foot long polyester web slings, which are ubiquitous in industry," we need not settle this dispute. Regardless how rare the similarities in question are, they do not constitute a sufficient factual basis for the Hirchaks' expert's opinion that the subject sling was also a Grainger-distributed Juli sling. As the district court explained, this opinion cannot stand solely on the premise that the subject sling was a Juli sling. It also requires the premise that if the subject sling was a Juli sling, then the subject sling was a Grainger-distributed Juli sling. Whatever support the Hirchaks' expert's analysis may provide for the first premise, it provides no support for the second premise. And to satisfy Federal Rule of Evidence 702(c), the expert opinion itself—not just one of its several premises—must be "based on sufficient facts." *Accord Kuhn v. Wyeth, Inc.*, 686 F.3d 618, 625 (8th Cir. 2012) ("Expert evidence may be excluded if the court

determines that there is simply too great an analytical gap between the data and the opinion proffered." (internal quotation marks omitted)).

Second, the Hirchaks claim that the record fills the analytical gap in their expert's reasoning by supplying a factual basis for the second premise of his opinion. According to the Hirchaks, the fact that a known Grainger-distributed Juli sling was found in Weiler's possession after the accident warrants a presumption that other Juli slings in Weiler's possession must also be Grainger-distributed Juli slings. This presumption implies that if the subject sling was a Juli sling, then the subject sling was a Grainger-distributed Juli sling.

The Hirchaks' argument presupposes that the record can rescue an expert opinion from inadmissibility by filling its analytical gaps. But this is not the law. "[C]ourts must guard against invading the province of the jury on a question which the jury was entirely capable of answering without the benefit of expert opinion." *Am. Auto. Ins. v. Omega Flex, Inc.*, 783 F.3d 720, 725 (8th Cir. 2015). Consequently, we must not permit an expert to proceed "beyond [his] expertise." *Id.* at 724. An expert may proceed as far as—but no further than—his specialized knowledge assists him in going. *See* Fed. R. Evid. 702(a) (limiting expert testimony to that which employs the expert's "specialized knowledge" to "help the trier of fact"); *Omega Flex*, 783 F.3d at 723-25 (affirming the district court's decision to admit an engineer's opinion that propane-gas tubing was "too thin" but not his opinion that the tubing was "unreasonably dangerous"); *Robertson v. Norton Co.*, 148 F.3d 905, 907 (8th Cir. 1998) (affirming the district court's decision to admit a ceramics expert's opinion that a ceramic grinding wheel was defective but not his opinion that the manufacturer's warning was inadequate). This rule deprives the jury of "nothing helpful," *Robertson*, 148 F.3d at 908, and it safeguards against the risk that the jury might defer to the expert simply because of the expert's "expertise in other areas," *Omega Flex*, 783 F.3d at 725.

Here, even if the Hirchaks' expert's specialized knowledge assisted him in establishing the premise that the subject sling was a Juli sling, it did not assist him

in proceeding to the opinion that the subject sling was a Grainger-distributed Juli sling. For the limited purpose of determining whether the district court abused its discretion in excluding the Hirchaks' expert's opinion, we need not decide whether the Hirchaks are correct that the record contains sufficient evidence to support this additional step. Even if it does, the Hirchaks' expert was not permitted to invade the province of the jury by taking this step for it.[2]

## III.

Because the district court did not abuse its discretion in excluding the Hirchaks' expert's opinion that the subject sling was a Grainger-distributed Juli sling, the Hirchaks' only argument that the district court erred in granting Defendants' motion for summary judgment fails. Accordingly, we affirm.

_____

---

[2]The Hirchaks do not argue that even if their expert's report was inadmissible, the district court erred in granting summary judgment. Nor do they argue that even if their expert's opinion that the subject sling was a Grainger-distributed Juli sling was inadmissible, the district court abused its discretion in excluding the rest of their expert's report. Therefore, these arguments are waived. *See Liscomb v. Boyce*, 954 F.3d 1151, 1154 (8th Cir. 2020) ("[C]laims not raised in an opening brief are deemed waived.").